Dear Mr. Walters:
This responds to your request on behalf of the Lake Providence Port Commission (Port) concerning barge operations in the harbor.
You advise that a private company has for many years been engaged in barge towing and harbor servicing of private operators doing business with the Port, but has no written contract with the Port. This work is important to the business of the Port insofar as it facilitates commerce with private operators loading and unloading cargo and otherwise using the Port facilities.
You also advise that the private barge towing company doing business with the Port is in the fertilizer business, but recently refused to provide towing services to a competitor trying to unload a barge of fertilizer at the Port, thereby interrupting commerce with the Port.
As a consequence of these developments, you have requested our opinion on the following matters, to-wit:
 1. Can the Lake Providence Port Commission regulate any and all barge traffic that comes into the Port?
 2. Can the Lake Providence Port Commission prohibit private companies from transferring their own barges in and out of the Port?
With regard to your first question, the Port has full authority under existing law to regulate the commerce and tariffs within the Port area in such manner as it, in its judgment, deems appropriate for the best interests for the State. See R.S. 34:1503. This confers authority upon the Port authority to regulate any and all barge and vessel traffic within the area of the Port, as defined by law.
With regard to your second question, there must be some legitimate and rational basis for the Port to prohibit private companies from operating within the area of the Port. Private companies engaging in commerce of the type regulated by the Port must be given equal access and may not discriminated against under state and federal law.
The Port, however, is fully authorized to charge for the use of all facilities administered by it, and for all services rendered by it, according to the fees, rates, tariffs or other charges it may establish. See R.S. 34:1503(C).
Under the circumstances, it is recommended that the Port enter into a towing and harbor services agreement with the private operator which would define the rights, duties and obligations of the parties under the circumstances. This approach will enable the Port to make provision for the towing of third party barges and vessels and for other harbor services needed to facilitate the commerce and business of the Port.
The Port may also wish to consider a fee schedule for the use of its facilities and services, and to regulate fees and charges imposed upon third party carriers of cargo so that the Port facilities are equally available to all who may wish to use them at a fair, reasonable and consistent price.
If the present operator is unwilling to operate pursuant to the established policy of the Port, the Port is certainly free to look elsewhere for the provision of these services. It may do so by public advertisement and bidding or by private negotiation.
Please let us know if we may be of further assistance.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: GARY L. KEYSER, CHIEF Lands and Natural Resources Section
GLK/scp